UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| UNITED STATES | CRIMINAL ACTION |
|---|---|
| VERSUS | NO. 09-149 |
| JACKIE MOORE | SECTION "K" |

## ORDER AND REASONS

Before the Court is a Motion for Reconsideration for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2). (Rec. Doc. 40). Having reviewed the pleadings, memoranda and the law, the Court finds no merit in the motion.

Jackie Moore pleaded guilty to one count of knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. § 841(a)(1) which carried a mandatory minimum sentence of 60 months. 21 U.S.C. § 841 (b)(1)(B). He also pleaded guilty to being a felon in possession of a firearm in violation of 18 U.S.C. 922(g)(1), 924(a)(2); and possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A). Defendant committed these offenses on or about March 31, 2009 and was sentenced on May12, 2010.

Jackie Moore filed a Motion for Sentence Reduction Pursuant to 18 U.S.C. § 3582(c)(2) which was denied on May 1, 2012. (Rec. Doc. 39). The Court found that the defendant was ineligible for a deduction in his sentence and denied that motion. Specifically, the Court stated:

> Defendant is ineligible for a reduction of his sentence. Among other charges, defendant pleaded guilty to one count of knowingly and intentionally possessing with intent to distribute five grams or more of cocaine base in violation of 21 U.S.C. 841(a)(1) which carried a mandatory minimum sentence of 60 months. 21 U.S.C. 841(b). Defendant committed that offense and was sentenced prior to the effective date of the [Fair] Sentencing Act of 2010 (FSA). The penalties prescribed by the FSA do not apply to federal criminal sentences for illegal

conduct that preceded the FSA's enactment. *United States v. Neal*, 2012 WL 489994 (C.A.5, February 15, 2012).

(Rec. Doc. 39).

In the present motion for reconsideration of that determination, defendant references a May 17, 2013 case, *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013), *rev'd en banc*, 746 F.3d 647 (6th Cir. 2013) in which the court held that application of racially discriminatory mandatory minimum crack sentences for defendants sentenced prior to enactment of the Fair Sentencing Act would violate equal protection entitling defendant to sentence reductions. That case was reversed on *rehearing en banc* as indicated above.

Moreover, it has been made clear that while the Fair Sentencing Act was passed "to restore fairness to Federal cocaine sentencing," *United States v. Williams*, 2014 WL 2044885 (E.D.La., May 16 2014) (Feldman, J.) citing Pub. L. 111-220, 124 Stat. 2372 (2010), it does not apply to defendants who were sentenced before it became effective which effective date is August 3, 2010. *Dorsey v. United States,* ___ U.S. ___, 132 S.Ct. 2321, 2326 (2012); *Williams,* 2014 WL 2044885 at *2 *citing United States v. Doggins*, 633 F.3d 379, 384 (5th Cir. 2011). Since the defendant was sentenced on May 12, 2010, he remains ineligible for any reduction. Accordingly,

**IT IS ORDERED** that Jackie Moore's Motion for Reconsideration for Sentence Reduction Pursuant to 18 U.S.C. 3582(c)(2) is **DENIED**.

New Orleans, Louisiana, this 27th day of August, 2014.

**STANWOOD R. DUVAL, JR.**
**UNITED STATES DISTRICT COURT JUDGE**